IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA　　　　　　　　　　PLAINTIFF/RESPONDENT

V.　　　　　　　　　Criminal No. 14-50055-001

MIKATO FULKS　　　　　　　　　　　　　　　　DEFENDANT/MOVANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On May 26, 2016, the Defendant filed a 28 U.S.C. § 2255 motion (Doc. 54), seeking relief in the form of re-sentencing under Johnson v. United States, 135 S. Ct. 2551 (2015). The Court stayed the motion (Doc. 61) pending the Supreme Court's decision in Beckles v. United States, Case No. 15-8544 (cert. granted June 27, 2016), on the issue of whether Johnson applied to the residual clause in U.S.S.G. 4B1.2(a)(2).

On March 6, 2017, the Supreme Court rendered its decision in Beckles, 137 S. Ct. 886, 892 (March 6, 2017), concluding that Johnson did not apply to the Guidelines residual clause. On April 26, 2017, the Defendant filed a Motion to Dismiss (Doc. 62) his § 2255 motion. Upon due consideration, the undersigned recommends that the Motion to Dismiss (Doc. 62) be GRANTED and that Defendant's § 2255 motion (Doc. 54) be DISMISSED without prejudice.

An appeal may not be taken in this matter unless the Court issues a certificate of appealability, which shall be issued only if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(b) & (c)(2). A "substantial showing" is a showing that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." Cox v. Norris, 133 F.3d 565,

569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998). The undersigned does not believe that there is any basis for the issuance of a certificate of appealability and, therefore, recommends, that a certificate of appealability be denied.

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED this 3rd day of May, 2017.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE