IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                    PLAINTIFF/RESPONDENT

V.                    Criminal No.  14-50055-001

MIKATO FULKS                                 DEFENDANT/MOVANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Currently before the Court is a pro se 28 U.S.C. § 2255 motion filed by the Defendant/Movant Mikato Fulks (hereinafter "the Defendant") (Doc. 66), a Supplement to that Motion (Doc. 71), the Government's Response (Doc. 69), and the Defendant's Reply (Doc. 70). An evidentiary hearing is not warranted in this matter, as the § 2255 motion, files, and records in this case conclusively show that the Defendant is not entitled to relief. See 28 U.S.C. § 2255(b); Jeffries v. United States, 721 F.3d 1008, 1014 (8th Cir. 2013).  The undersigned, being well and sufficiently advised, finds and recommends as follows.

**I.  BACKGROUND**

On February 6, 2015, Defendant pleaded guilty, pursuant to a written plea agreement, to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (Doc. 26.)   The Presentence Investigation Report assigned the Defendant a base offense level of 24 under U.S.S.G. § 2K2.1(a)(2), as the Defendant had two prior felony convictions for a crime of violence (second degree murder) and a controlled substance offense (delivery of cocaine). (Doc. 22, 34, 36.)  On May 14, 2015, Defendant was sentenced to 70 months imprisonment, three years supervised release, and

a $2,000.00 fine.  (Doc. 41.)  On February 8, 2016, the Eighth Circuit Court of Appeals affirmed Defendant's conviction and sentence.  (Doc. 52-1.)

On May 26, 2016, the Defendant, represented by the Federal Public Defender's Office, filed a 28 U.S.C. § 2255 motion (Doc. 54), seeking relief in the form of re-sentencing under <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015).  The Court stayed the motion (Doc. 61) pending the Supreme Court's decision in <u>Beckles v. United States</u>, Case No. 15-8544 (<u>cert. granted</u> June 27, 2016).  On March 6, 2017, the Supreme Court rendered its decision in <u>Beckles</u>, 137 S. Ct. 886, 895 (2017), concluding that the United States Sentencing Guidelines were not subject to void for vagueness challenges under the Fifth Amendment Due Process Clause.  On April 26, 2017, Defendant, through counsel, filed a Motion to Dismiss (Doc. 62) his § 2255 motion without prejudice.  On May 15, 2017, Defendant filed a pro se § 2255 motion (Doc. 64), which the Court treated as a notice of communication from a represented party and not as a properly filed motion to vacate.  On May 23, 2017, the Court granted the Motion to Dismiss and dismissed Defendant's § 2255 motion without prejudice, finding that the <u>Beckles</u> decision rendered Defendant's § 2255 motion facially unmeritorius.  (Docs. 54, 65.)  In the same order, the Court directed that the previously filed notice of communication from a represented party be filed as a § 2255 motion.  (Doc. 65.)  That was done on May 24, 2017, and that is the § 2255 motion (Doc. 66) that is currently before the Court.

## II.  DISCUSSION

The Government argues that Defendant's § 2255 motion is a successive motion and should be dismissed because the Defendant did not obtain the requisite certification from the Eighth Circuit.  A "second or successive" §2255 motion may not be filed absent certification by the Eighth Circuit, authorizing the district court to consider the successive motion.  <u>See</u> 28 U.S.C. §2244(b)(3)(a).

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

The Eighth Circuit has indicated that when a second § 2255 motion is filed in the district court without prior compliance with the certification requirement, the motion should be dismissed for lack of jurisdiction. See Boykin v. United States, No. 99-3369, 2000 WL 1610732, at *1 (8th Cir. Oct. 30, 2000).  However, when a second § 2255 motion is filed while the first § 2255 motion is still pending before the district court, the second motion should be construed as a motion to amend and not as a successive motion.  See United States v. Sellner, 773 F.3d 927, 931-32  (8th Cir. 2014). In the present case, Defendant filed his pro se § 2255 motion before the Court granted the motion to dismiss the § 2255 motion filed on his behalf by the Federal Public Defender's Office.  The Court treated the pro se § 2255 motion initially as a notice of communication from a represented party but then subsequently directed that it be filed as a § 2255 motion.  The undersigned believes that, under these circumstances, the pro se § 2255 motion should be considered as a motion to amend and not as a successive motion.  Accordingly, the certification requirement does not apply and the § 2255 motion will be considered as properly before the Court.

Turning to the merits of Defendant's § 2255 motion, Defendant argues that under Mathis v. United States, 136 S. Ct. 2243 (2016), his prior convictions do not qualify as  predicate offenses under U.S.S.G. 2K2.1(a)(2). In Mathis, the Supreme Court held that in determining whether a prior

conviction qualifies as a predicate offense under the Armed Career Criminal Act, 18 U.S.C. § 924(e), the modified categorical approach applies only to statutes that list "multiple *elements* disjunctively," and not to those that merely "enumerate[] various *factual means* of committing a single element." Id. at 2249 (emphases added).

Defendant's reliance on Mathis is misplaced, as it did not announce a new rule of constitutional law made retroactive to cases on collateral review. See Dawkins v. United States, 829 F.3d 549, 551 (7th Cir. 2016); United States v. Terry, 2017 WL 2267002, *3 (W. D. Ark. May 2, 2017). Defendant cites Hinkle v. United States, 832 F.3d 569, 576-77 (5th Cir. 2016), in which the Fifth Circuit Court of Appeals relied on Mathis to determine that a Texas conviction for delivery of heroin did not constitute a controlled substance offense under the career offender enhancement of the Sentencing Guidelines. Defendant's reliance on Hinkle is likewise misplaced, as it involved a direct appeal of a sentence and not a collateral attack. Accordingly, Defendant's § 2255 arguments are without merit.

### III. CONCLUSION

Based upon the foregoing, the undersigned hereby recommends that Defendant's **§ 2255 motion (Doc. 66) be DENIED**.

An appeal may not be taken in this matter unless the Court issues a certificate of appealability, which shall be issued only if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(b) & (c)(2). A "substantial showing" is a showing that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998). The undersigned does not believe that there is any basis for the

issuance of a certificate of appealability and, therefore, recommends, that a certificate of appealability be denied.

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED this 12th day of June, 2018.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE