# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS
# FAYETTEVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF/RESPONDENT |
| V. | CASE NO. 14-50055-001 |
| MIKATO FULKS | DEFENDANT/MOVANT |

## OPINION AND ORDER

Currently before the Court are the Objections to Report and Recommendation (Doc. 74) filed by Defendant/Movant Mikato Fulks in this case. On May 26, 2016, Mr. Fulks, through counsel, filed a Motion under 28 U.S.C. § 2255 requesting that he be resentenced under *Johnson v. United States*, 135 S. Ct. 2551 (2015). That Motion was stayed pending the Supreme Court's decision in *Beckles v. United States*, Case No. 15-8544 (*cert. granted* June 27, 2016), which was ultimately decided on March 6, 2017. 137 S. Ct. 886 (2017). Upon the Supreme Court's ruling in *Beckles*, Mr. Fulks, through counsel, filed a Motion to Dismiss his previous Motion under § 2255 (Doc. 62). However, Mr. Fulks filed a *pro se* Motion under § 2255 (Doc. 64) on May 15, 2017, prior to the Court's ruling on his Motion to Dismiss. The Court granted Mr. Fulks' Motion to Dismiss on May 23, 2017, and dismissed his original Motion under § 2255 without prejudice. (Doc. 65).

On May 24, 2017, the Court directed the previously filed notice of communication from a represented party to be filed as a *pro se* Motion to Vacate under § 2255. (Doc. 65). That Motion was considered by Magistrate Judge Erin L. Wiedemann, who issued her Report and Recommendation ("R&R") denying Mr. Fulks' Motion on June 12, 2018. Mr. Fulks filed his Objections to the R&R on June 22, 2018, (Doc. 66), alleging that the

1

cases of *Mathis v. United States*, 136 S. Ct. 2243 (2016), and *Hinkle v. United States*, 832 F.3d 569 (5th Cir. 2016), should be retroactively applied to the facts of his case. Upon retroactive application of these rulings, Mr. Fulks claims that his prior convictions do not qualify as predicate offenses under § 2K2.1(a)(2) of the Sentencing Guidelines, and he seeks to be resentenced in accordance with the holdings in *Mathis* and *Hinkle*.

On February 6, 2015, Mr. Fulks entered into a written plea agreement whereby he pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (Doc. 26). Mr. Fulks had two prior felony convictions, one for a crime of violence (second degree murder) and one for a controlled substance offense (delivery of cocaine); therefore, his Presentence Investigation Report assigned Mr. Fulks a base offense level of 24 pursuant to § 2K2.1(a)(2) of the United States Sentencing Guidelines. (Docs. 34, 36). On May 14, 2015, at Mr. Fulks' sentencing hearing, the Court imposed a sentence of 70 months imprisonment, three years supervised release, and a $2,000.00 fine. (Doc. 41). The Eighth Circuit Court of Appeals affirmed Mr. Fulks' conviction and sentence on February 8, 2016. (Doc. 52-1).

Turning to Mr. Fulks' objections to the R&R, his challenge under *Mathis* fails because that case is not given retroactive effect on collateral review. *See United States v. Crawford*, 2018 U.S. Dist. LEXIS 83962 at 1 (D. Neb. 2018); *see also United States v. Forrest*, 2017 U.S. Dist. LEXIS 200657 at 4 (D. Neb. 2017) ("It is undisputed that *Mathis* . . . [is] not retroactive."). Mr. Fulks claims that *Mathis* announced a new rule of constitutional law, which makes it retroactive to cases on collateral review; however, *Mathis* dealt with statutory interpretation and did not announce any new rule of constitutional law. *See Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016).

Additionally, Mr. Fulks' reliance on *Hinkle* is also misplaced as that case addressed a defendant's claims on direct appeal, rather than claims raised in collateral proceedings. *See Gates v. United States*, 2017 U.S. Dist. LEXIS 108356 at n.1 (N.D. Iowa 2017). Another obstacle worth mentioning is that § 2255(f)(3) begins tolling the statute of limitations from "the date on which the right asserted was initially recognized by the *Supreme Court*, if that right has been newly recognized by the *Supreme Court* and made retroactively applicable to cases on collateral review[.]" (emphasis added). *Hinkle* was decided by the Fifth Circuit Court of Appeals, not the United States Supreme Court, and Mr. Fulks may not rely on the Fifth Circuit's decision to seek relief under § 2255 here in the Eighth Circuit. *See id.*

Finally, an evidentiary hearing on Mr. Fulks' Motion is not warranted because the Motion and the record in this case conclusively establish that Mr. Fulks is not entitled to relief. *See* 28 U.S.C. § 2255(b); *see also Jeffries v. United States*, 721 F.3d 1008, 1014 (8th Cir. 2013).

Accordingly, as Mr. Fulks has failed to present the Court with any meritorious argument justifying his request for relief, his objections are **OVERRULED**, the R&R is **ADOPTED IN FULL**, and **IT IS ORDERED** that Mikato Fulks' Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (Doc. 66) is **DENIED**. Judgment will enter contemporaneously with this Order.

**IT IS SO ORDERED** on this 9th day of August, 2018.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE